# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| RAHEEM DASHEEN JACKSON, | ) |
| Plaintiff, | ) |
| v. | ) CV419-077 |
| JANET M. DELOACH, CLERK<br>AARON WILES, SENTENCING<br>COMPUTATION, | ) |
| Defendants. | ) |

## ORDER

After his previous case (*Jackson v. Comm'r of Ga. Dep't of Corrs.*, No. CV418-019 (S.D. Ga. Jan. 8, 2019) was dismissed without prejudice, for failure to timely amend, plaintiff has filed his case anew *pro se* and *in forma pauperis*. The Court now screens Raheem Dasheen Jackson's Complaint under 28 U.S.C. § 1915A, which requires the immediate dismissal of any prisoner complaint that fails to state at least one actionable claim against a governmental entity or official.

Jackson was sentenced on December 12, 2013 to "ten years, serve three" concurrent sentences in all four of his state criminal cases (*see State v. Jackson*, CR13-0533, CR13-0672, CR13-2349, and CR11-0875 (Chatham

Cty. Super. Ct.)) running from January 4, 2013. Doc. 1 at 5. When he learned that his time was not being computed correctly, due to an error in his sentencing paperwork, he returned to state court and received an amended sentencing order to correct the error on July 22, 2014. *Id.* at 6. That should have corrected his release date, but for some reason Jackson found himself held for several months longer than expected. *Id*. at 6-7.

Jackson was assessed as having a maximum possible release date, and was actually released, on September 20, 2016. *See* http://www.dcor.state.ga.us/GDC/ Offender/Query. The extra time Jackson served (perhaps for shoplifting and therby violating his parole),[1] which was thus in excess of that original three-year sentence, forms the basis of his complaint. Doc. 1 at 6-7. Jackson now seeks $3,000 "a day" in compensation for the extra time he spent behind bars. *Id.* at 8.

Jackson's new Complaint includes a theory about who is responsible for his troubles: the state court reporter who, apparently, recorded his

---

[1] It is unclear how much of his extra time past his "max out date" was due to having "caught a misdemeanor" in December 2015, such that his "parole was violated for six months." Doc. 1 at 7; *see State v. Jackson*, R15-6022 (Chatham Super. Ct. Apr. 27, 2016) (shoplifting misdemeanor for which Jackson was sentenced to 30 days imprisonment). After all, the extra 30 day sentence was imposed while Jackson was already serving his three-year sentence. Adding to that some "six month" violation would explain an extra seven months tacked on to the end of his three-year sentence.

sentence incorrectly and the state court clerk who, perhaps, docketed his amended sentence improperly. Doc. 1 at 5-6. As before, Jackson does not include a fully developed legal theory supporting his claim. Courts have recognized that incarceration beyond the sentence imposed *can* constitute a violation of the Eighth Amendment's prohibition on cruel and unusual punishment, *see e.g., Sample v. Diecks*, 885 F.2d 1099, 1108 (3rd Cir. 1989) ("We think there can be no doubt that imprisonment beyond one's term constitutes punishment within the meaning of the eighth amendment."), or a deprivation of liberty without due process in violation of the Fourteenth Amendment. *See, e.g., West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007) (citing *Cannon v. Macon County*, 1 F.3d 1558, 1562-63 (11th Cir. 1993)). However, both theories require that a particular official was deliberately indifferent to the violation. *See Sample*, 885 F.2d at 1110 ("we hold that there can be no eighth amendment liability . . . in the absence of a showing of deliberate indifference on the part of the defendant . . ."); *West*, 496 F.3d at 1327 ("To establish [a due process violation], Plaintiffs must show that Defendants acted with deliberate indifference to Plaintiffs' due process rights."). The deliberate indifference element of both theories implies that mere error is insufficient to establish a

violation. *Sample*, 885 F.2d at 1108-09 ("unforeseeable accidents or inadvertent mistakes may occur during imprisonment, resulting in harms to inmates. Such accidents or mistakes are a necessary cost of any prison system; they therefore are not 'repugnant to the conscience of mankind,' [cit.] and do not violate the eighth amendment." (citations omitted)); *West*, 496 F.3d at 1327 ("Human error does not equal deliberate indifference.").

At best, Jackson alleges that court reporter DeLoach and clerk Wiles erred in some way, resulting in his hold past his "max out" date. Doc. 1 at 5 & 6. Jackson has alleged nothing that suggests either had the requisite knowledge to be deliberately indifferent to his allegedly excessive incarceration. *Id*. Whether construed as alleging either a violation of the Eighth or Fourteenth Amendment, Jackson must allege that a particular defendant was deliberately indifferent to his detention. *See Sample*, 855 F.2d at 1110 (to establish an Eighth Amendment violation, "a plaintiff must first demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted. Second, the plaintiff must show that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a

product of deliberate indifference to the prisoner's plight. Finally, the plaintiff must demonstrate a causal connection between the official's response to the problem and the infliction of the unjustified detention."); *West*, 496 F.3d at 1327 ("Plaintiffs must show that Defendants had (1) subjective knowledge of a risk of serious harm; (2) disregarded that risk; (3) by conduct that is more than mere negligence." (quotes and alterations omitted)).

Put differently, all Jackson claims is that the court reporter failed to append some text to the end of the sentencing transcript, and that, maybe, the clerk failed to conduct some type of unidentified follow-up to ensure that the amended sentencing order was sent to some unidentified entity to trigger a recalculation of Jackson's release date. Doc. 1 at 5 & 6. Neither allegation demonstrates that either defendant had the requisite knowledge and failed to act -- and Jackson must point to some fact that shows it in order to receive relief. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a pleading is insufficient if it offers no more than "naked assertions devoid of further factual enhancement." (quotations, alterations, and citation omitted); *Hall v. Smith*, 170 F. App'x 105, 107-108 (11th Cir. 2006) (explaining "vague and conclusory allegations" are

not sufficient to state a claim requiring allegation of deliberate indifference). Indeed, Jackson affirmatively pleads that when he returned to the state court in July 2014, an amended sentencing order was docketed clarifying his sentence. Whatever has gone wrong in the calculation of his release date, it was not due to either officials' deliberate indifference.[2] In the absence of any sufficient allegation of deliberate indifference, therefore, Jackson fails to state a viable claim.

*Pro se* plaintiffs are afforded an opportunity to amend their pleadings, if it appears that they might correct the fatal defects. *See Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010). Jackson has already had several opportunities to amend in his prior case, and failed to correct the deficiencies of his Complaint then, or now. *See* CV418cv77. The Court will therefore give him **one final chance** to present a viable claim before recommending his case for dismissal *with prejudice*. Jackson must amend his Complaint within 30 days of the date of this Order. The Clerk is **DIRECTED** to include a blank form § 1983

---

[2] Jackson appears to be detained pending resolution of his ongoing criminal cases in the state court. *See State v. Jackson*, CR16-2349 (Chatham Cty. Super. Ct.) (armed robbery, aggravated assault, and felon-in-possession of a firearm case "open" with trial set for September 2019); *State v. Jackson*, CR16-0046 (Chatham Cty. Super. Ct.) (theft by receiving stolen property case "open" with trial set for September 2019).

6

complaint for Jackson's convenience.

Jackson is further advised that his Amended Complaint will supersede all prior versions of the Complaint.  Once he has filed his amendment, the prior pleading will no longer serve any function in the case.  *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading.").

**SO ORDERED**, this __6th__ day of May, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA